UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LADONNA D. APPLING,

      Plaintiff,

v.                                                       Case No. 19-cv-8-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

      Defendant.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)

      The plaintiff, representing herself, has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      To allow the plaintiff to proceed without paying the fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The affidavit indicates that the plaintiff is not employed, not married, and that she has five minor children, ranging in age from 1 to 11, whom she is supporting. Dkt. No. 2 at 1. The only source of income she lists is W-2T of $608 per month. Id. at 2. Against that income, the plaintiff has expenses of $252 per month for rent and $356 for

1

other household expenses. Id. She does not own a car or a home, she does not have any money in cash or in a savings or checking account, and she does not own any other property of value. Id. at 3-4. The court concludes that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision if the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

Although the plaintiff did not sign her complaint,[1] and she does not explain why she is appealing the Commissioner's decision, dkt. no. 1 at 3, the plaintiff did include with her complaint a copy of the Notice of Appeals Council Action, dkt. 1-1, and twenty-one pages of medical documents, dkt. no. 1-2. At this early stage, because the plaintiff is proceeding without a lawyer and based on the information submitted with her complaint, the court concludes that

---

[1] The clerk's office has forwarded a letter and a copy of her complaint to the plaintiff, asking for a signed copy to be submitted as soon as possible. Dkt. No. 3.

there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 11th day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**